UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCY WELLINGTON,<br><br>                    Plaintiff,<br><br>         -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                    Defendants. | Case No: 1:24-cv-8743 (JLR)<br><br>ORDER OF SERVICE |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants locked her out of her shelter and then falsely arrested her. By order dated November 25, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

As set forth in this order, the Court: (1) dismisses the claims against Defendants Mayor Eric Adams, former New York City Police Department ("NYPD") Commissioner Thomas Donlon, Department of Social Services ("DSS") Commissioner Molly Wasow Park, Department of Housing and Preservation & Development ("HPD") Commissioner Adolofo Carrion Jr., the New York City Human Resources Administration ("HRA"), the State of New York, and Attorney General Letitia James, (2) directs service on Defendants City of New York, Lieutenant Darryl E. Fontaine, NYPD Officers Rawsan A. Jackson, Kyle M. LaGuardia, Kelvin Villegasalmazo, Services for the Underserved ("S:US") President and CEO Perry Perlmutter, S:US Harmonia Program Director Angela Mortimer, and S:US Harmonia Administrative Assistant Lynn Gore; and (3) directs the New York City Law Department to identify the NYPD John Doe defendants named in the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

**A.    Official Capacity Claims**

Plaintiff names as defendants four New York City officials, Mayor Adams, former NYPD Commissioner Donlon, HRA Commissioner Wasow Park, and HPD Commissioner Carrion, asserting claims against them in their official capacity. The Court construes these claims as claims against the City of New York, a named defendant in this action. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity [of which the officer is an agent]."). The Court therefore dismisses these Defendants from the action. The claims against them will proceed against the City of New York.

**B.    New York City Agency**

Plaintiff's claims against the HRA must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Because the City of New York is named as a defendant, the claims against HRA will proceed against the City of New York. The Court therefore dismisses HRA as a defendant because Plaintiff cannot state a claim against this defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    State of New York and Attorney General James**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York and Attorney General James, who is effectively an arm of the state, are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the City of New York, Fontaine, Jackson, LaGuardia, Villegasalmazo, Perlmutter, Mortimer, and Gore through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

E.     **John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the John Doe defendants named in the complaint who were involved with any aspect of Plaintiff's August 15, 2024 arrest. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

NYPD, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses from this action Defendants Adams, Donlon, Wasow Park, and Carrion, sued in their official capacities. The claims against these defendants will proceed against the City of New York. The Court also dismisses HRA as a defendant because it is not a suable entity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The claims against HRA will also proceed against the City of New York. The Court dismisses the claims against the State of New York and James because they are immune defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is instructed to issue a summons for the City of New York, Fontaine, Jackson, LaGuardia, Villegasalmazo, Perlmutter, Mortimer, and Gore; complete the USM-285 form with the address for these defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: January 7, 2025
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge