UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCY WELLINGTON,

                Plaintiff,

-against-

THE CITY OF NEW YORK et al.,

                Defendants.

Case No. 1:24-cv-08743 (JLR)

**MEMORANDUM AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Mercy Wellington ("Plaintiff") brings claims against the City of New York, the New York Police Department ("NYPD"), Lieutenant Darryl E. Fontaine, Police Officer Rawsan A. Jackson, Police Officer Kyle M. LaGuardia, Police Officer Kelvin Villegasalmazo, Rustam Mukhutdinov (collectively, the "City Defendants"), Perry Perlmutter, Angela Mortimer, and Lynn Gore (collectively, the "Harmonia Defendants," and together with the City Defendants, "Defendants"). Dkt. 37 ("AC"). On August 25, 2025, Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. 45. On September 11, 2025, the Court directed the parties to appear for an initial pretrial conference on October 1, 2025. Dkt. 53. On September 17, 2025, the City Defendants then moved to stay discovery and adjourn the initial pretrial conference, Dkt. 55, in which the Harmonia Defendants joined, Dkt. 57.[1] Plaintiff opposes the motion. Dkt. 58. For the reason that follow, Defendants' motion to stay is GRANTED.

"Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d

---

[1] Defendants also moved to adjourn the deadlines associated with submissions due before the initial pretrial conference, but filed their joint letter on September 22, 2025, Dkt. 59, mooting this request.

1

675, 677 (S.D.N.Y. 2018) (alteration adopted) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).  "While 'a motion to dismiss does not automatically stay discovery . . . ,' '[i]n some circumstances, a pending motion to dismiss may constitute good cause for a protective order staying discovery.'" *Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-09330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (alteration and omission in original) (quoting *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-08709 (LTS) (GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018)).  In determining whether the moving party has shown good cause, the Court considers multiple factors, including "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Christie's*, 316 F. Supp. 3d at 677 (citation omitted).  Defendants move to stay discovery and adjourn the initial pretrial conference, asserting that each of the above considerations "weigh[] heavily in favor of granting a stay pending the outcome of the defendants' anticipated motion to dismiss."  Dkt. 55 at 2.  The Court considers each factor in turn.

First, Defendants have not shown that the breadth and burden of discovery favor a stay.  Defendants do not specifically address burden beyond asserting that "movement toward discovery would be a waste of the Court's and the litigants' resources."  Dkt. 55 at 2.  The parties' joint letter, filed in advance of the initial pretrial conference, does not shed light on the breadth or burden of discovery on Defendants.  *See* Dkt. 59.  The Amended Complaint concerns claims arising from Plaintiff's eviction from the Harmonia shelter over the course of a few days in August 2023, in which the individual defendants are alleged to have been involved.  *See generally* AC.  "Normal discovery in a limited matter does not alone rise to the level of good cause." *Giuffre v. Maxwell*, No. 15-cv-07433 (RWS), 2016 WL 254932, at *2

2

(S.D.N.Y. Jan. 20, 2016). At this stage, the Court has no basis to conclude that the breadth and burden of discovery favor a stay, and concludes that this factor weighs against Defendants' motion.

The second factor weighs in favor of granting the stay of discovery. Defendants contend that Plaintiff would not be unduly prejudiced because "the requested stay is for the limited period of time necessary for the Court to rule on the motion to dismiss." *Giuffre*, 2016 WL 254932, at *2. Plaintiff, for her part, contends that granting the motion "would cause unfair delay in regard to [her] opposition papers to [the] motion to dismiss," Dkt. 58 at 1, and appears (based on an earlier letter seeking discovery) to seek "information on the officers from the date of incident (i.e. Arrest report/summons, Body Worn Camera Footage)," Dkt. 52 at 2. But "[t]he Court's function on a motion to dismiss is 'not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient,'" *Bey v. Roc Nation LLC*, No. 24-cv-02295 (ALC), 2025 WL 564252, at *2 (S.D.N.Y. Feb. 20, 2025) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)), and Plaintiff is not "entitled to discovery" to argue that she "has sufficiently pleaded [her] claims," *id.*; *see also Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) ("As a general proposition, a litigant has to state a claim before he or she is entitled to discovery."). Thus, the second factor weighs in favor of Defendants' motion.

Third, the strength of the underlying motion to dismiss counsels in favor of granting a stay of discovery. The Court has reviewed Defendants' motion to dismiss and, without predicting the outcome of the motion, concludes that the motion is "not unfounded in the law." *Richardson v. City of New York*, No. 21-cv-05080 (PAE) (KHP), 2022 WL 2003340, at *2 (S.D.N.Y. June 6, 2022) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). If granted, the pending motion would also

dispose of the entire case.  "Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay."  *Izuogu v. Credit Agricole Corp. & Inv. Bank*, No. 24-cv-04329 (DEH) (RFT), 2024 WL 4903723, at *1 (S.D.N.Y. Nov. 27, 2024); *see also Tsinberg v. City of New York*, No. 20-cv-00749 (PAE) (SLC), 2020 WL 6807677, at *1 (S.D.N.Y. Nov. 19, 2020) (finding good cause to stay discovery pending resolution of a motion to dismiss because granting the motion "could dispose of the entire case").

On balance, the Court concludes there is good cause to stay discovery pending resolution of the motion to dismiss.  Defendants' motion is GRANTED.  The initial pretrial conference scheduled for October 1, 2025, is hereby adjourned *sine die*.  Discovery is STAYED pending a ruling on the motion to dismiss.  The Clerk of Court is respectfully directed to close the motions at Dkts. 55 and 57.

Dated: September 24, 2025
      New York, New York

                                           SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge